■ In the Matter of the Claim of MAY SWANTON, Respondent, against ROCKAWAY NEWS SUPPLY CO. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a posthumous schedule award of 40% loss of use of both hands due to the occupational disease of Dupuytren's contracture. John Swanton had worked for this employer as a bundler and mailer of newspapers for about 2½ years. Previously, he had worked for other employers at the same kind of work. In January of 1951, Swanton injured his right shoulder while moving bundles of paper. He last worked on March 5, 1951. During a medical examination by a board physician for the shoulder injury, it was discovered, on August 23, 1951, that he was also suffering from a bilateral Dupuytren's contracture but no claim was filed for that condition at that time. Swanton died on October 18, 1951, from causes unrelated to his occupational injuries. At a hearing held on May 2, 1952, when the widow's claim for a posthumous schedule award for the shoulder injury was under consideration, a claim was also filed for the Dupuytren's contracture. The board found the date of disablement to be March 5, 1951, the last day of Swanton's employment, and further found that he contracted the disease while in the employ of his last employer. The evidence was sufficient to sustain the board's finding of the date of contraction and date of disablement. Upon the basis of these

dates, the claim was filed on time. However, the remaining objection raised by the appellants, that notice to the employer was not given in time (Workmen's Compensation Law, §§ 18, 45), was not properly met, on this record. Respondent contends, alternatively, that the employer had knowledge of the injury within 90 days, or that the failure to give notice was waived by failure to raise the objection promptly. But the objection was raised at the hearing of April 6, 1953, the first hearing relative to this claim. The earlier hearings had been restricted to the claim for the shoulder injury. Furthermore, the board made no finding of waiver of notice; nor did it find that the employer had actual knowledge of the injury within the period specified by the statute. The appellants also complain of the restriction of their right to cross-examine the board physician called by the claimant. Whether the restriction was justified need not be determined upon this appeal, since upon the new hearing ordered hereunder, the appellants may be given full opportunity to cross-examine the physician. Decision and award reversed, with costs to the appellants, and the matter remitted to the Workmen's Compensation Board for further proceedings. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.